J-A18018-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN A. SEIF, SR. | : | |
| | : | |
| Appellant | : | No. 943 WDA 2018 |

Appeal from the Judgment of Sentence Entered May 21, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010893-2017

BEFORE: BOWES, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.: FILED SEPTEMBER 10, 2020

Appellant Shawn A. Seif, Sr. appeals from the judgment of sentence imposed after he pled guilty to one count each of aggravated assault, endangering welfare of children (EWOC), unlawful restraint—serious bodily injury, simple assault, indecent assault—forcible compulsion, strangulation, and two counts of aggravated indecent assault without consent.[1]  Appellant argues that his sentence is illegal because (1) the trial court should have merged his sentences for unlawful restraint and strangulation; (2) the trial court failed to merge his convictions for indecent assault; and (3) the trial court failed to make a statutorily required determination of his eligibility for the Recidivism Risk Reduction Incentive[2] (RRRI) program.  Appellant also

_____

[1] 18 Pa.C.S. §§ 2702(a)(1), 4304(a)(1), 2902 (a)(1), 2701(a)(1), 3126(a)(2), 2718(a)(1), and 3125(a)(1), respectively.

[2] 61 Pa.C.S. §§ 4501-4512.

challenges the conditions of his probation and the discretionary aspects of his sentence. For the reasons that follow, we affirm Appellant's convictions, but vacate the judgment of sentence and remand the matter for resentencing consistent with this memorandum.

The relevant facts and procedural history of this appeal are as follows. On August 10, 2017, the Commonwealth filed a criminal complaint alleging that Appellant assaulted his former romantic partner, Monique Dalton (the complainant), and her two minor children (Juvenile 1 and Juvenile 2) at her home. See Crim. Compl., 8/10/17. According to the affidavit of probable cause, Juvenile 1 and Juvenile 2 reported that they were in their bedroom with the complainant. Aff. of Probable Cause, 8/10/17. Appellant entered their bedroom and demanded that the complainant come with him to the master bedroom. Id. When the complainant resisted, Appellant "became very angry and forcibly pulled [the complainant] out of the bedroom." Id. Appellant then shoved Juvenile 1 into a couch, causing him to suffer a "bloody nose and busted lip." Id. Appellant also pushed Juvenile 2 into a wall. Id. Juvenile 1 and Juvenile 2 left the house to call for help. Id.

When the police arrived, they surrounded the house and ordered Appellant and the complainant to come outside, but neither did. Id. The officers then heard a woman screaming for help from an upstairs room. Id. The officers entered the house and went upstairs. Id. The door to the master bedroom was opened slightly and when the officers attempted to open it, they

saw Appellant inside the bedroom "partially blocking the door by laying in front of it." Id.

The officers saw the complainant in the corner of a bedroom. Id. The complainant was covered in blood, her face was swollen, and "[h]er underwear was partially down to her knees with her genital region showing." Id. She told the officers that Appellant sexually assaulted her. Id.

Based on those allegations, the Commonwealth initially charged Appellant with aggravated assault (as to the complainant), sexual assault[3] (as to the complainant), unlawful restraint (as to the complainant), simple assault (as to Juvenile 1 and Juvenile 2), and EWOC (as to Juvenile 1 and Juvenile 2).

At the preliminary hearing on November 17, 2017, the Commonwealth withdrew the two sexual assault charges and amended the complaint to include strangulation and indecent assault. The complainant then testified at the hearing. The complainant stated that she was on the bed in the master bedroom when Appellant approached her and attacked her. According to the complainant, Appellant sat on top of her and repeatedly punched her in the face. Juvenile 1 and Juvenile 2 attempted to intervene, but Appellant pushed them from the doorway of the master bedroom back into the hallway. One of the juveniles attempted to re-enter the master bedroom, but the complainant told him to leave. The complainant testified that once the juveniles left the room, Appellant continued to punch her and then "put both of his hands

_____

[3] 18 Pa.C.S. § 3124.1.

around her neck to strangle . . . or choke [her]." N.T. Prelim. Hr'g, 11/17/17, at 7. She stated that she had difficulty breathing. Appellant eventually stopped choking her and resumed punching her.

The complainant testified that "at some point [Appellant] stuck his fingers in my vagina and stuck his fingers inside of me anally." Id. at 8. The complainant explained that although she tried to escape from Appellant several times, she was unable to do so because he was punching her and holding her down. She stated that the attack ended when the police arrived.

At the conclusion of the preliminary hearing, the municipal court dismissed the simple assault and EWOC charges as to Juvenile 2, but held the remaining charges for court. That same day, the Commonwealth filed a criminal information charging Appellant with two counts of aggravated indecent assault (as to complainant), plus one count each of aggravated assault—serious bodily injury (as to complainant), EWOC (as to Juvenile 1), unlawful restraint—serious bodily injury (as to complainant), simple assault (as to Juvenile 1), indecent assault (as to complainant), and strangulation—applying pressure to throat or neck (as to complainant).

On February 27, 2018, Appellant entered an open guilty plea to all charges. During the trial court's colloquy, the following exchange occurred:

> THE COURT [to Appellant]: Now at this point . . . you will be entitled to have [the Commonwealth] summarize the case against you, talk about all the things that the witnesses would say, talk about everything else in this case or if you want to you can waive that recitation—
>
> [Appellant]: Waive.

- 4 -

THE COURT: —and adopt the affidavit that was filed in this case. What would you like to do?

[Appellant]: I choose to adopt the affidavit.

THE COURT: I assume there [are] no additions or corrections to the affidavit?

[The Commonwealth]: Only, Your Honor, that the Commonwealth would have during the trial entered the 911 tape, the medical report, the medic report, scene photographs, and injury photographs.

THE COURT: No crime labs involved in this case?

[The Commonwealth]: None.

THE COURT: All right, thank you.

N.T. Guilty Plea Hr'g, 2/27/18, at 14. Following the completion of the colloquy, the trial court accepted Appellant's plea and deferred sentencing for the preparation of a pre-sentence investigation report (PSI) and a sexual offender assessment.

On May 21, 2018, the trial court sentenced Appellant to an aggregate term of seven-and-a-half to fifteen years' incarceration plus five years' probation. Specifically, the trial court imposed the following individual sentences:

Count 1—aggravated assault of the complainant: three to six years' imprisonment;

Count 2—EWOC as to Juvenile 1: a consecutive five to ten months' imprisonment;

Count 3—unlawful restraint of the complainant: a consecutive five years' probation;

Count 4—simple assault of to Juvenile 1: a consecutive five to ten months' imprisonment;

> Count 5—aggravated indecent assault of the complainant: a consecutive three to six years' imprisonment;
>
> Count 6—aggravated indecent assault of the complainant: a determination of guilt without further penalty;
>
> Count 7—indecent assault of the complainant—a determination of guilt without further penalty; and
>
> Count 8—strangulation of the complainant: a consecutive eight to sixteen months' imprisonment.

See Sentencing Order, 5/21/18. The trial court also imposed a lifetime sexual offender registration requirement. Among other probation conditions, the trial court required that Appellant refrain from possessing paraphernalia regarding pornography, and sexually oriented or sexually stimulating materials, and required Appellant to submit to unannounced, periodic examinations of his computer equipment.

After the trial court imposed its sentence, the Commonwealth stated that Appellant was not eligible for RRRI. N.T. Sentencing Hr'g, 5/21/18, at 24. The trial court thanked the Commonwealth, but did not place its own determination on the record. Id. at 24-25. At the conclusion of the hearing, Appellant objected to the probation condition authorizing searches of Appellant's computer and restricting his use of the internet. Id. at 25.

Appellant filed a motion to modify his sentence on May 31, 2018, which the trial court denied on June 19, 2018. Appellant timely filed a notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive Rule 1925(a) opinion.

On appeal, Appellant raises five issues, which we have reordered as follows:

1. Whether [Appellant's] sentence at count 6—aggravated indecent assault is illegal because, although no further penalty was imposed, it nevertheless had to merge, for sentencing purposes, with the sentence at count 5—aggravated indecent assault?

2. Whether [Appellant's] sentence at count 3—unlawful restraint is illegal when it should have merged, for sentencing purposes, with the sentence at count 8—strangulation?

3. Whether the sum and substance of [Appellant's] sentence is illegal when the trial court failed to make a finding, on the record at the time of sentencing, as to [Appellant's] RRRI eligibility?

4. Whether the trial court abused its sentencing discretion when it placed computer restrictions on [Appellant] even though his crimes did not involve computers in any, shape, or form?

5. Whether the sum and substance of [Appellant's] sentence is manifestly excessive, unreasonable, and an abuse of discretion when the trial court failed to consider [Appellant's] mitigating evidence, in violation of 42 Pa.C.S. § 9721(b)?

Appellant's Brief at 6 (some capitalization omitted).

Appellant's first two claims relate to merger. Initially, we note that whether convictions merge for sentencing purposes involves the legality of a sentence. Commonwealth v. Baldwin, 985 A.2d 830, 833 (Pa. 2009). Therefore, our standard of review is de novo and our scope of review is plenary. Id. (citation omitted).

Our Supreme Court has explained that Section 9765 of the Sentencing Code "prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of

the offenses are included in the statutory elements of the other." Baldwin, 985 A.2d at 833 (citing 42 Pa.C.S. § 9765). "Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense." 42 Pa.C.S. § 9765.

"The preliminary consideration is whether the facts on which both offenses are charged constitute one solitary criminal act. If the offenses stem from two different criminal acts, merger analysis is not required." Commonwealth v. Healey, 836 A.2d 156, 157-58 (Pa. Super. 2003) (citation omitted). We have explained that

> [t]he answer to this question does not turn on whether there was a "break in the chain" of criminal activity. Rather, the answer turns on whether "the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime." If so, then the defendant has committed more than one criminal act. This focus is designed to prevent defendants from receiving a "volume discount on crime" . . . .

Commonwealth v. A. Robinson, 931 A.2d 15, 24-25 (Pa. Super. 2007) (en banc) (citations omitted).

To determine whether there is a single criminal act, we must examine the crimes as charged by the Commonwealth. Commonwealth v. Jenkins, 96 A.3d 1055, 1060 (Pa. Super. 2014); see also Commonwealth v. Kimmel, 125 A.3d 1272, 1277 (Pa. Super. 2015) (en banc) (considering the criminal complaint, criminal information, and affidavit of probable cause, and concluding that the Commonwealth established the factual predicates to avoid merger); Commonwealth v. Martinez, 153 A.3d 1025, 1032 (Pa. Super.

2016) (stating that because "neither the charging information nor supporting documents of record describe the operative facts in such a way as to distinguish the specific conduct underlying the offenses," we cannot conclude "that the offenses were based on two discrete criminal acts for purposes of avoiding merger at sentencing").

If the offenses arise from a single criminal act, a merger analysis must then consider whether "all of the statutory elements of one of the offenses are included in the statutory elements of the other." Baldwin, 985 A.2d at 833 (citing 42 Pa.C.S. § 9765). Our Supreme Court has explained that

> we cannot ignore the simple legislative reality that individual criminal statutes often overlap, and proscribe in the alternative several different categories of conduct under a single banner. See, e.g., aggravated assault, 18 Pa.C.S. § 2702 (defining seven distinct violations of law); involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123 (setting forth eight separate violations). Consequently, in such cases, we caution that trial courts must take care to determine which particular "offenses," i.e. violations of law, are at issue in a particular case. See, e.g., Commonwealth v. Johnson, 874 A.2d 66, 71 n.2 (Pa. Super. 2005) (recognizing that a particular subsection of a criminal statute may merge with another crime as a lesser-included offense even though a different subsection of that same statute may not).

Id. at 837 n.6 (some formatting altered).

Appellant first argues that the trial court should have merged his sentences for aggravated indecent assault at counts five and six. Appellant's Brief at 23. Appellant acknowledges that he was sentenced to "no further penalty" at count six. Id. However, he asserts that, in light of this Court's decision in Commonwealth v. Farrow, 168 A.3d 207 (Pa. Super. 2017), the

trial court's determination of guilt with no further penalty at count six constitutes an illegal sentence and must be vacated.

The Commonwealth concedes that "neither the criminal information[4] nor the affidavit of probable cause adopted at the guilty plea hearing made a factual distinction between the crime charged in" counts five and six. Commonwealth's Brief at 7. Additionally, the Commonwealth agrees that a "no further penalty" sentence is illegal under Pennsylvania law. Id. at 8-9.

Based on our review of the record, and in light of Farrow, we conclude that the trial court's finding of "no further penalty" for indecent assault at count six technically constitutes a sentence. See Farrow, 168 A.3d at 215

_____

[4] As stated in the information, counts five and six provided:

Count: 5 AGGRAVATED INDECENT ASSAULT Felony 2

The actor engaged in penetration, however slight, of the genitals or anus of [the complainant] with a part of the actor's body for a purpose other than good faith medical, hygienic or law enforcement procedures, without the consent of that person, in violation of Section 3125(a)(1) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. §3125(a)(1), as amended.

Count: 6 AGGRAVATED INDECENT ASSAULT Felony 2

The actor engaged in penetration, however slight, of the genitals or anus of [the complainant] with a part of the actor's body for a purpose other than good faith medical, hygienic or law enforcement procedures, without the consent of that person, in violation of Section 3125(a)(1) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. §3125(a)(1), as amended.

Information, 9/23/17.

(holding that "since a court may impose 'guilt without further penalty' as a sentence under 42 Pa.C.S. § 9721(a)(2), we shall treat such dispositions "as sentences for purposes of our double jeopardy analysis"); see also 42 Pa.C.S. § 9721(a)(2). Because Appellant's sentences for aggravated indecent assault should have merged, that portion of the sentence must be vacated. See Baldwin, 985 A.2d at 833.

In his next claim, Appellant argues that his convictions for unlawful restraint and strangulation should have merged for sentencing purposes.[5] Appellant's Brief at 15. He asserts that "the criminal actions committed by [Appellant] constituted one criminal act because the Commonwealth's charging information does not distinguish the factual circumstances . . . between the two crimes." Id. at 15. He further claims that strangulation and unlawful restraint are "greater and lesser included offenses." Id. at 21. Appellant concludes that his sentence for strangulation is illegal and must be vacated. Id. at 22.

The Commonwealth makes no argument regarding whether the charges were based on separate criminal acts. Instead, the Commonwealth asserts that merger is inapplicable because strangulation and unlawful restraint each

_____

[5] We emphasize that Appellant does not challenge the factual basis underlying his guilty plea to strangulation and unlawful restraint such that his plea was knowing, intelligent, and voluntary. Our discussion here is limited to the narrower issue of merger which, as noted above, focuses on the offenses as charged by the Commonwealth, rather than the totality of the circumstances surrounding Appellant's plea.

require an element that the other does not. Commonwealth's Brief at 12. The

Commonwealth argues:

> Unlike unlawful restraint, strangulation does not require the defendant to: (a) "restain[] a person unlawfully"; (2) to "expose [a person] to risk serious bodily injury"; or to "hold[] another in a condition of involuntary servitude." Therefore, unlawful restraint is not a lesser included offense of strangulation.
>
> Nor is the converse true. It is clear that unlawful restraint does not include all of the statute of strangulation. Unlawful restraint does not include all of the statutory elements of strangulation. Unlawful restraint does not include the elements of: (1) "imped[ing] the breathing or the circulation of blood" of a person; (2) "applying pressure to the throat or neck" of a person; (3) "blocking the nose and mouth" of a person. Therefore, strangulation is not a lesser included offense of unlawful restraint.

Id. (some capitalization omitted).

> Here, the affidavit of probable cause stated:
>
> Dispatch advised us that two young children (identified as Juvenile 1 and Juvenile 2) fled the residence to seek protection from their father (later identified as [Appellant]). The male was reported intoxicated and fighting with the mother.
>
> [Responding officers] then attempted to make a perimeter around the residence and request back up. [Officer Haule] went to the rear of 6651 Hedge St. and I remained at the front with an open door. I then verbally announced my presence loudly into the open door. I ordered all occupants to respond to my voice, announce themselves, come out slowly with their hands up, and open with nothing in them. I got no response from the occupants inside.
>
> [Officer Haule] simultaneously could hear a female screaming (what sounded like a high pitched cry for help) come from the rear second floor window.
>
> [Officer Haule] and I then entered the residence.
>
> Once inside, [responding officers] could hear the female continue to scream (screams coming from the rear room on the second

floor). Once on the second floor, [responding officers] observed a bedroom door that was partially closed (closed enough that only a flat magazine would fit through). The female screaming was coming from behind this door. When [responding officers] opened the door [Appellant] was found partially blocking the door by laying in front of it. [The complainant] was also inside the room in a corner.

[Appellant] was only wearing boxers. He was covered in blood, but the blood did not appear to be from him. He did not appear to have any lacerations or recent injuries.

[The complainant] was wearing a light colored t-shirt (covered in blood). Her underwear was partially down to her knees with her genital region showing. She sustained facial contusions (her face appeared deformed) and complained of body pains. [The complainant] stated to [responding officers] that he (referring to [Appellant]) sexually assaulted her.

[Responding officers] observed blood stains throughout the bedroom that [Appellant] and [the complainant] were inside.

[Appellant] was placed into custody at 2301 hrs.

The house was checked and there was no one else inside the residence.

[Responding officers] spoke with Juvenile 1 and Juvenile 2.

Juvenile 1 and 2 stated to [responding officers] that tonight [8]/9/2017 [they] were inside the 2nd floor bed room (front bedroom with couches in it) with [the complainant] (their mother). [Appellant] came into the bedroom and demanded [that the complainant] come with him into the main bedroom. [The complainant] told [Appellant] no. [Appellant] then became very angry and forcibly pulled [the complainant] out of the bedroom. Juvenile 1 and 2 then [were] shoved by [Appellant] into the couch (causing Juvenile 1 to have a bloody nose and busted lip) and wall (causing Juvenile 2 to complain of soreness near his lower back). [Appellant] then continued to assault [the complainant] while Juvenile 1 and 2 fled the 2nd floor and ran to the next door neighbor's house for help.

[Responding officers] observed Juvenile 1 had a bloody nose and busted lip. Juvenile 2 complained of soreness to the touch on his back.

Aff. of Probable Cause, 8/10/17.

When the Commonwealth filed the information after the preliminary hearing, it set forth the following elements and grading factors of the offenses of unlawful restraint and strangulation as follows:

> Count: 3 UNLAWFUL RESTRAINT-SERIOUS BODILY INJURY Misdemeanor 1
>
> The actor knowingly and unlawfully restrained [the complainant], in circumstances exposing that person to risk of serious bodily injury or knowingly holding that person in a condition of involuntary servitude, in violation of Section 2902(a) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. §2902(a), as amended.
>
> *      *      *
>
> Count: 8 STRANGULATION-APPLYING PRESSURE TO THROAT OR NECK Felony 2
>
> The actor knowingly or intentionally impeded the breathing or circulation of the blood of another person by applying pressure to the throat or neck, or by blocking the nose and mouth of the person, namely, [the complainant], and the act was committed against a family or household member as defined in 23 Pa.C.S. § 6102; or the act was committed by a caretaker against a care dependent person; or the act was committed in conjunction with sexual violence as defined in 42 Pa.C.S. § 62A03 or conduct constituting a crime under section 2709.1 (relating to stalking) or Subchapter B of Chapter 30 (relating to prosecution of human trafficking), in violation of Section 2718(a) and (d)(2) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. §2718(a) and (d)(2), as amended.

Information, 9/23/17.

Based on these charging documents, Appellant pled guilty to unlawful restraint based on allegations that he knowingly "restrain[ed] another unlawfully in circumstances exposing [the complainant] to risk of serious

- 14 -

bodily injury[.]" 18 Pa.C.S. § 2902(a). "Serious bodily injury" is "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

Appellant also pled guilty to strangulation based on allegations that he "knowingly or intentionally impede[d] the breathing or circulation of the blood of another person by . . . applying pressure to the throat or neck." 18 Pa.C.S. § 2718(a)(1). "Infliction of a physical injury to a victim shall not be an element of the offense." 18 Pa.C.S. § 2718(b).

Here, both offenses require an element that the other does not. See 42 Pa.C.S. § 9765; see also Kimmel, 125 A.3d at 1276. Specifically, strangulation does not require proof of "circumstances exposing [the complainant] to risk of serious bodily injury," which is an element of unlawful restraint. Compare 18 Pa.C.S. § 2301, with 18 Pa.C.S. § 2718(a)(1). Unlawful restraint does not require proof that a defendant impeded "the breathing or circulation of the blood of another person by . . . applying pressure to the throat or neck," which is an element of strangulation. Compare 18 Pa.C.S. § 2301, with 18 Pa.C.S. § 2718(a)(1). Therefore, based on our application of the elements test required by Section 9765, strangulation

and unlawful restraint do not merge for purposes of sentencing.[6]   See Kimmel, 125 A.3d at 1276.

In his next issue, Appellant argues that his sentence is illegal because the trial court did not determine his RRRI eligibility at the time of sentencing. Appellant's Brief at 26.   He asserts that although the Commonwealth stated that Appellant was ineligible for RRRI, "[t]he statutory language requires that the trial court make the finding of RRRI eligibility; it cannot be satisfied by the Commonwealth, nor the defense attorney, or even the defendant."   Id.

Pursuant to Section 9756 of the Sentencing Code, at sentencing, "[t]he court shall determine if the defendant is eligible for a [RRRI] minimum sentence."   42 Pa.C.S. § 9756(b.1); see 61 Pa.C.S. § 4503 (stating that an eligible offender is one who "[d]oes not demonstrate a history of present or past violent behavior").   "[W]here the trial court fails to make a statutorily

---

[6] The record indicates that the strangulation and unlawful restraint involved two separate acts.  See N.T. Prelim. Hr'g, 11/17/17, at 7.  However, we note that the Commonwealth failed to incorporate the preliminary hearing testimony at the guilty plea hearing.  See N.T. Guilty Plea Hr'g at 14. Moreover, as with counts five and six regarding aggravated indecent assault, the affidavit of probable cause only contained facts related to the original charges of unlawful restraint, aggravated assault, and sexual assault against the complainant.  See Aff. of Probable Cause, 8/10/17; see also Criminal Information, 9/25/17.  The affidavit did not include any facts relating to an act of strangulation.  As noted previously, in the context of a merger analysis, we must consider the offenses as charged by the Commonwealth.   See Jenkins, 96 A.3d at 1060; see also Martinez, 153 A.3d at 1032.  Therefore, because it appears that the Commonwealth failed to establish a distinct factual basis for each offense, we could conclude that, based on the lack of differentiating facts, both strangulation and unlawful restraint arose out of the same criminal act.  See id.

required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." Commonwealth v. S. Robinson, 7 A.3d 868, 871 (Pa. Super. 2010).

Here, although the Commonwealth addressed Appellant's RRRI eligibility at sentencing, the trial court did not make its own statutorily required determination.[7] See N.T. Sentencing Hr'g at 24-25. Therefore, Appellant's sentence is illegal, and remand is necessary for the trial court to determine Appellant's RRRI eligibility on the record.[8] See S. Robinson, 7 A.3d at 875.

Appellant's next claim relates to the terms of his probation. First, he challenges the condition allowing probation officers to conduct "periodic unannounced examinations of [Appellant's] computer equipment" and precluding him from accessing pornographic materials. Appellant's Brief at 36. Specifically, he asserts that the trial court abused its sentencing discretion by imposing "computer and internet monitoring conditions that were not rationally related to the nature of the offense." Id. at 35.

_____

[7] We also note that the sentencing order contains no reference to Appellant's RRRI eligibility. See Sentencing Order, 5/21/18.

[8] We recognize that Appellant is ineligible for RRRI based on his conviction for aggravated indecent assault. See 61 Pa.C.S. § 4503(4) (noting that a defendant is not eligible for RRRI if he is convicted of an offense under 42 Pa.C.S. Ch. 97, relating to registration of sexual offenders). Nonetheless, the trial court's sentence is illegal, and therefore must be vacated. See Commonwealth v. Ramos, 197 A.3d 766, 769 (Pa. Super. 2018).

Initially, we note that our review of Appellant's issue depends on the nature of the claims being raised. It is well settled that a challenge to the legality of a sentence raises a question of law. Commonwealth v. C. Smith, 956 A.2d 1029, 1033 (Pa. Super. 2008) (en banc). In reviewing this type of claim, our standard of review is de novo and our scope of review is plenary. Commonwealth v. Childs, 63 A.3d 323, 325 (Pa. Super. 2013). "An illegal sentence must be vacated." Ramos, 197 A.3d at 769 (citation and quotation marks omitted). Moreover, "a challenge to the legality of the sentence can never be waived and may be raised by this Court sua sponte." Commonwealth v. Wolfe, 106 A.3d 800, 801 (Pa. Super. 2014) (citation omitted).

In contrast, a defendant does not have an absolute right to pursue a challenge to the discretionary aspects of a sentence. See Commonwealth v. Lamonda, 52 A.3d 365, 371 (Pa. Super. 2012) (en banc). Rather, before reaching the merits of such claims, we must determine whether (1) the appeal is timely; (2) the defendant preserved his issues; (3) the defendant included a concise statement of reasons for the discretionary sentence claim in his brief; and (4) the sentence is inappropriate under the sentencing code. See Commonwealth v. Corley, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted). If a defendant invokes this Court's jurisdiction to review the discretionary aspects of a sentence, we review a sentence for an abuse of discretion. Commonwealth v. J. Smith, 206 A.3d 551, 567 (Pa. Super. 2019).

Here, although framed as a discretionary claim, Appellant's challenge to the probation condition authorizing suspicionless searches of his property implicates the legality of his sentence. See Commonwealth v. Wilson, 67 A.3d 736 (Pa. 2013) (vacating a probation condition authorizing warrantless, suspicionless searches of a probationer's home, and reversing this Court's decision construing the claim as a challenge to the discretionary aspects of a sentence). Therefore, we may raise it sua sponte. See Wolfe, 106 A.3d at 801.

Section 9754(c) of the Sentencing Code addresses the conditions of probation that a court may impose. 42 Pa.C.S. § 9754(c). Specifically, a court may order a defendant "[t]o satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." 42 Pa.C.S. § 9754(c)(13). Section 9912(d)(2) establishes the conditions under which a county probation officer may conduct a warrantless search. 42 Pa.C.S. § 9912(d). Specifically, a probation officer must have "reasonable suspicion to believe that the real or other property in the possession of or under the control of the offender contains contraband or other evidence of violations of the conditions of supervision." 42 Pa.C.S. § 9912(d)(2).

In Wilson, our Supreme Court explained that

> we do not read the Sentencing Code's catchall and generalized authorization of sentencing courts to impose probation conditions "reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty" as establishing an exception to the later-adopted, explicit statutory restriction upon warrantless

- 19 -

> searches by probation officers. This provision does not specifically speak to issues of search and seizure—except insofar as it recognizes that the probationer maintains some measure of a liberty interest. If anything, the qualification of the Section 9754(c)(13) power—i.e., that the reasonable conditions cannot be "unduly restrictive of liberty"—suggests the General Assembly's awareness that even probationers may retain a measure of privacy. And, that measure of privacy is explicitly addressed by the search restrictions in Section 9912(d)(2).

Wilson, 67 A.3d at 745. Further, the Court held that "under this statutory construct, sentencing courts are not empowered to direct that a probation officer may conduct warrantless, suspicionless searches of a probationer as a condition of probation." Id.

Here, like in Wilson, the trial court violated the dictates of Section 9912(d)(2) by authorizing probation officers to conduct suspicionless searches of Appellant's personal property. Wilson, 67 A.3d at 745; see also 42 Pa.C.S. § 9912(d)(2). Accordingly, this condition is illegal and must be vacated. Further, because this "may upset the sentencing scheme envisioned by the trial court," we conclude that remand is necessary. See Commonwealth v. Phillips, 946 A.2d 103, 115 (Pa. Super. 2008).

To the extent Appellant argues that the probation conditions were not reasonably related to his convictions, it is a challenge to the discretionary aspects of his sentence. See Commonwealth v. Houtz, 982 A.2d 537, 539-540 (Pa. Super. 2009) (stating that where a defendant claims that the trial court's probation condition is "not reasonably related" to the conviction, it is a challenge to the discretionary aspects of the sentence). In light of our

disposition, we decline to address this claim.[9]  See Commonwealth v. Barnes, 167 A.3d 110, 125 n.13 (Pa. Super. 2017) (en banc) (concluding that this Court "need not address" discretionary sentencing claims when the matter is remanded for resentencing and stating that on remand, "the sentencing judge should start afresh" (citation omitted)).

In sum, the trial court correctly concluded that Appellant's convictions for unlawful restraint and strangulation did not merge for sentencing purposes.  However, the trial court's sentence for indecent assault at count six was illegal because it should have merged with count five.  Further, the trial court should have made a determination concerning Appellant's RRRI eligibility on the record.  Finally, the probation condition authorizing suspicionless searches by probation officers is illegal and must be vacated.  Therefore, we affirm Appellant's convictions, but vacate the sentence and remand for resentencing.

Convictions affirmed.  Judgment of sentence vacated.  Case remanded with instructions.  Jurisdiction relinquished.

_____

[9] We also decline to address Appellant's final issue, which relates to the discretionary aspects of his sentence.  Additionally, we note that if Appellant seeks to raise these claims in an appeal following resentencing, he should properly preserve them before the trial court and on appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2020